IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WESLEY THOMPSON,<br><br>     Petitioner,<br><br>v.<br><br>WARDEN BENZON,<br><br>     Respondent. | **ORDER**<br><br><br>Case No. 2:18-CV-320 DAK<br><br>District Judge Dale A. Kimball |

  Petitioner, Wesley Thompson, filed a *habeas corpus* petition under 28 U.S.C.S. § 2254 (2018). He also moves for appointed counsel.

  The Court notes that Petitioner has no constitutional right to appointed *pro bono* counsel in a federal habeas corpus case.[1] Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel.[2] However, the Court may in its discretion appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2254 petition.[3]

  The Court has reviewed the filings in this case and determines that justice does not require appointed counsel at this time. First, it is yet unclear that Petitioner has asserted any colorable claims.[4] Second, Petitioner has shown "the ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion."[5] Finally, the issues in this case

---

[1] *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 WL 1054227, at *3 (D. Kan. December 9, 1998).
[2] *See* Rule 8(c), Rs. Governing § 2254 Cases in U.S. Dist. Courts.
[3] *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2018).
[4] *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992).
[5] *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343.

appear "straightforward and not so complex as to require counsel's assistance."[6] The Court thus denies for now Petitioner's motion for appointed counsel.

IT IS HEREBY ORDERED that:

(1) Petitioner's motion for appointed counsel is DENIED.[7] However, if it later appears that counsel may be needed or of specific help, the Court may appoint an attorney to appear on Petitioner's behalf, without further prompting by Petitioner.

(2) Petitioner's motion for service of process is GRANTED.[8] The Clerk of Court must serve upon Respondent(s) copies of this Order and the Petition.[9]

(3) Within forty-five days, Respondent(s) must answer the Petition. "The answer must address the allegations of the petition. It must also state whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."[10] Respondent(s) must also consider whether this is a second or successive petition.[11]

(4) The answer of Respondent(s) must comply with Rule 5 of the Rules Governing § 2254 Cases in the United States District Court.

(5) If Respondent(s) request(s) denial of the petition, Respondent(s) shall prepare a proposed order, in Times New Roman font, which should outline the undisputed facts (including relevant procedural history), apply the relevant legal authorities, and set forth the requested

---

[6] *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343.
[7] (Doc. No. 2.)
[8] (Doc. No. 6.)
[9] (Doc. No. 1); R. 4, Rs. Governing § 2254 Cases in the U.S. Dist. Courts. ("In every case [in which a response is ordered], the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.").
[10] R. 5, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.
[11] *See* 28 U.S.C.S. 2244 (2018).

judgment.  Defendants shall file the proposed order in the CM/ECF system and submit a proposed order for denying the petition, in word processing format, to: utdecf_prisonerlitigationunit@utd.uscourts.gov.

(6) Within thirty days after the answer and proposed order are filed by Respondent(s), Petitioner must file any objections.[12]

(7) Petitioner's motions for summary judgment and discovery are DENIED as premature. (Doc. Nos. 3 & 10.)

(8) Petitioner's motion to proceed *in forma pauperis* is DENIED. (Doc. No. 8.) Petitioner has already paid the filing fee.

DATED this 26th day of October, 2018.

BY THE COURT:

_____
JUDGE DALE A. KIMBALL
United States District Court

---

[12] R. 5(e), Rs. Governing § 2254 Cases in the U.S. Dist. Courts.