IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WESLEY THOMPSON,<br><br>                Petitioner,<br><br>v.<br><br>WARDEN BENZON,<br><br>                Respondent. | **MEMORANDUM DECISION &<br>ORDER DENYING HABEAS RELIEF**<br><br>Case No. 2:18-CV-320-DAK<br><br>District Judge Dale A. Kimball |

Petitioner, Wesley Thompson, filed a *pro se* habeas corpus petition. *See* 28 U.S.C.S. § 2254 (2021). Having thoroughly reviewed all documents filed, the Court denies the petition.

## BACKGROUND

Petitioner pleaded guilty to two counts of child sexual abuse and one count of attempted child sexual abuse. (ECF No. 1, at 1.) He was sentenced to consecutively serve two terms of one-to-fifteen years and one term of zero-to-five years. (ECF No. 1-2, at 220.)

On appeal, Utah Court of Appeals affirmed his sentence, against challenges as to lack of findings and fairness, and failure to consider sentencing factors. *State v. Thompson*, 2010 UT App 141. He did not petition for writ of certiorari. Any issues brought on direct appeal are thus unexhausted and ultimately procedurally defaulted.

On February 18, 2011, Petitioner timely filed a state post-conviction petition, case number 110400801. (ECF No. 40-6, at 2.) The petition was denied. (ECF No. 1-2, at 187.) On appeal, the Utah Court of Appeals affirmed the denial. *Thompson v. State*, No. 20171025-CA,

slip op. (Utah Ct. App. May 1, 2018). The Utah Supreme Court denied a petition for writ of certiorari. *Thompson v. State*, No. 20180529-SC (Utah Oct. 2, 2018).

### 1. State Post-Conviction Petition

Petitioner's state post-conviction petition contended:

**(A)** Ineffective assistance of trial counsel, when counsel did not **(i)** address with Petitioner intent element and potential lesser-included offense which would have kept Petitioner off sex registry; **(ii)** move for dismissal of charges; **(iii)** show Petitioner police reports and victim interviews; **(iv)** tell Petitioner there would be a wait to get into a halfway house; **(v)** advise Petitioner to not waive preliminary hearing; **(vi)** contest the psychosexual expert's report; **(vii)** challenge presentence investigation report (PSI); and **(viii)** object to consecutive enhancements for both cases. (ECF No. 40-6, at 7-9.)

**(B)** Ineffective assistance of appellate counsel, when counsel did not withdraw for conflict of interest--i.e., appellate counsel was in same office as trial counsel. (*Id.* at 10-11.)

**(C)** He was "sentenced to unconstitutional statutes." (*Id.* at 11.)

In its first order regarding the petition, the trial court distilled Petitioner's arguments to: (1) trial-counsel ineffectiveness; (2) involuntary, coerced guilty plea; (3) appellate-counsel ineffectiveness; and (4) unconstitutional sentencing scheme. (ECF No. 40-7, at 3.) On initial review, the trial court then ruled that claims (1), (2), and (4) could have been brought on appeal and thus were defaulted on state post-conviction review. (*Id.* at 4.) The appellate-counsel ineffectiveness issue was deemed sufficient to move on to further litigation. (*Id.*) The trial court later revoked its ruling and allowed Petitioner to proceed with his claims of trial-court

effectiveness and his involuntary, coerced guilty plea. (ECF No. 40-10.) Thus, the only issue that remained summarily dismissed was the unconstitutionality of the sentencing scheme. (*Id.*)

On summary-judgment, the trial court characterized Petitioner's remaining arguments as: trial- and appellate-counsel ineffectiveness, involuntariness of plea, reneging by the State on its plea agreement, and PSI errors. (ECF No. 40-15, at 4.) Summary judgment was granted on appellate-counsel ineffectiveness, the reneging claim, and PSI errors. (*Id.* at 6.) This is because there was no prejudice from appellate-counsel ineffectiveness when trial counsel's ineffectiveness and could be raised in the state post-conviction petition. (*Id.* at 5-6.) And, (independent of ineffective assistance of trial counsel for not raising these issues in the trial court) the issue of involuntary plea should have been raised in motion to withdraw the plea, while issues of reneging on the plea agreement and PSI errors could have been but were not brought on appeal, resulting in a procedural bar. (*Id.* at 6, 12.)

After an evidentiary hearing, the trial court also denied Petitioner's trial-counsel ineffectiveness claims--i.e., withholding evidence and providing "insufficient explanations of [Petitioner's] legal rights and options prior to his guilty pleas." (ECF No. 40-20, at 3, 9.)

### 2. Appeal of State Trial Court's Denial of Post-Conviction Relief

Petitioner appealed to Utah Court of Appeals, raising these grounds, (ECF No. 40-21):

**(A)** Insufficient evidence/factually innocent; **(B)** no attorney present for ineffective-assistance evidentiary hearings, against objections; **(C)** trial judge denied requests for expert testimony; **(D)** trial judge denied discovery requests for documents proving psychosis; **(E)** trial judge failed to rule on merits of claims presented; **(F)** trial judge did not consider evidence; **(G)** "Judge made errors in maltiplicity [sic]"; **(H)** trial judge's internally contradictory interlocutory

order; **(I)** trial judge ignored Utah Code, Utah Constitution, and Federal Constitution; **(J)** trial-judge bias; **(K)** trial- and appellate-counsel ineffective assistance; and **(L)** cumulative effect.

The Utah Court of Appeals noted, "The lengthy list of issues [Petitioner] seeks to raise on appeal demonstrates that he has not confined his challenges to the actual decisions dismissing the petition." *Thompson*, No. 20191025-CA. Implying any other issues than those involving the trial court's post-conviction decisions were procedurally barred, the court limited its review "to those appellate claims actually challenging the district court's decisions disposing of the post-conviction petition." *Id.* The court then ruled that the trial court "correctly applied the procedural bar . . . in granting summary judgment" on claims that (1) the State reneged on the plea agreement and (2) there were uncorrected errors in the [PSI]," and (3) Petitioner's plea was not voluntary and knowledgeable. *Id.* The court finally denied Petitioner's claims of trial-counsel ineffectiveness, stating Petitioner had not (a) "substantively challenged" the trial court's findings and reasoning or (b) provided a transcript of the evidentiary hearing, so that the court of appeals had to presume evidentiary support for the trial court's findings and disposition. *Id.*

### 3. Petition for Writ of Certiorari Regarding Utah Court of Appeals's Affirmance of State Trial Court Denial of Post-Conviction Relief

Petitioner then petitioned the Utah Supreme Court for writ of certiorari, raising these grounds, (ECF No. 40-28):

**(A)** "Should an indigent prisoner petitioner be penalized for the district court's adverse interference in failing to rule on the motion to waive fees for the transcripts requested?"

**(B)** "Should the petitioner be penalized by not being allowed full briefing and plenary consideration?"

4

**(C)** Ineffective assistance of trial and appellate counsel.

The Utah Supreme Court denied certiorari review. *Thompson*, No. 20180529-SC.

### 4. Issues Raised in this Federal Habeas Petition

Petitioner now challenges his conviction and sentencing in this federal habeas petition, raising these grounds:

**(A)** "Plea was not made voluntarily, knowingly and intelligently," as Petitioner **(i)** was psychotic; **(ii)** did not see or understand evidence; **(iii)** did not know psychosis was defense; **(iv)** did not understand intent of sexual gratification was crime element; **(v)** did not understand "plea system"; **(vi)** was coerced into plea bargain by "breach of contract"; **(vii)** did not know lesser offense of sexual battery did not exist. (ECF No. 1, at 2.)

**(B)** State reneged on "plea contract" when arguing against agreed-upon sentencing recommendation. (*Id.* at 3.)

**(C)** "Multiplicity" because "actions at water park was [sic] a single course of conduct." (*Id.*)

**(D)** PSI had errors. (*Id.*)

**(E)** Ineffective assistance of trial counsel, when counsel **(i)** withheld evidence of police interviews and medical records, psychosis diagnosis and potential as defense, wait for halfway house, and "complications of being released to a halfway house without first going to diagnostics program at the prison"; **(ii)** did not object to state reneging on plea agreement and withdraw plea; **(iii)** did not object to PSI errors; **(iv)** denied right to appeal; **(v)** did not explain intent element or "plea bargaining system"; and **(vi)** did not tell Petitioner of "lifetime registry." (*Id.* at 3-4, 12.)

**(F)** Ineffective assistance of appellate counsel, when counsel **(i)** did not raise on appeal claims of state reneging on "plea contract" and errors in PSI; and **(ii)** had conflict of interest because "they could not be expected to argue how their coworkers made errors." (*Id.* at 4, 7.)

**(G)** New statute regarding defense of mental illness should apply. (*Id.*)

## ANALYSIS

In response to the petition, the State argues that Petitioner's issues are procedurally defaulted. (ECF No. 29, at 1.) The Court agrees.

The Utah Court of Appeals denied all issues on appeal--except ineffective assistance of appellate counsel[1]--as procedurally defaulted. *Thompson*, No. 20171025-CA. To boot, the only issue Petitioner raised before Utah Supreme Court that was the same as those raised below was ineffective assistance of counsel. (ECF No. 40-28.) Thus, none of the issues in the current federal petition--aside from ineffective assistance of appellate counsel[2]--was raised in a way that allowed substantive review at all levels of the state-court system.

---

[1] The ineffective-assistance-of-appellate-counsel claim was denied by Utah Court of Appeals due to lack of prejudice; after all, appellate counsel's ineffective assistance was challenged as to appellate counsel's failure on appeal to raise ineffective assistance of trial counsel. *Thompson*, No. 20171025-CA. However, trial counsel's ineffectiveness was able to be asserted in a state post-conviction petition by new counsel. *Id.*

[2] However, Petitioner did not frame this issue with the relevant federal standard of review in mind:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .

28 U.S.C.S. § 2254(d)(1) (2021). He has not even argued, let alone shown, that the state courts' decisions about ineffective appellate counsel--i.e., no prejudice existed--were contrary to or an unreasonable application of United States Supreme Court precedent. The Court thus does not consider this argument further.

6

### 1. Procedural Default

In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in Utah courts. *See* 28 U.S.C.S. § 2254(b) & (c) (2021); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998). To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief. *See Picard*, 404 U.S. at 276; *Knapp*, 1998 WL 778774, at *2-3. Here, because he could have brought the issues of reneging on the plea deal and PSI error on direct appeal but did not, and did not provide a transcript to allow the Utah Court of Appeals to substantively review the issue of ineffective assistance of trial counsel, Petitioner did not present the meat of any issue for a full round of review in the Utah courts, culminating with the Utah Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). His claims before this Court are therefore unexhausted.

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Utah's Post-Conviction Remedies Act states:

> A person is not eligible for relief under this chapter upon any
> ground that . . . could have been but was not raised at trial or on

> appeal; was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for postconviction relief; or is barred by the limitation period established in Section 78B-9-107.

Utah Code Ann. § 78B-9-106(1) (2021); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000). Section 78B-9-107 states, "A petitioner is entitled to relief only if the petition is filed within one year after the cause of action accrued." Utah Code Ann. § 78B-9-107(1) (2021).

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'" *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (alteration omitted) (citation omitted).

There are three categories of procedurally defaulted issues here: (1) Issues Petitioner could have raised in a motion to withdraw his plea or direct appeal but did not--e.g., involuntariness of plea, reneging on plea "contract," PSI errors. (2) Issue Petitioner did not support by "substantively challeng[ing]" the trial court's findings and reasoning and providing a transcript to allow Utah Court of Appeals to substantively address--i.e., ineffective assistance of trial counsel. And, (3) remaining issues of multiplicity and application of "new" statute regarding defense of mental illness, which were apparently not raised at each level of state court review.

Under the Utah law identified above then, Petitioner is now foreclosed from raising any of these procedurally defaulted arguments in future state post-conviction petitions. And, this Court may not pass upon their substance--unless an exception exists. *Thomas*, 218 F.3d at 1221.

**2. Procedural-Default Exception**

Petitioner apparently asserts cause and prejudice as an exception that rescues him from the effects of his procedural defaults. Specifically, he suggests that ineffective assistance of

counsel during his state proceedings supplies cause and prejudice; and that he is actually innocent.

**A. Cause and prejudice**. "[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted). Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage.'" *Butler v. Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

"Attorney error that constitutes ineffective assistance of counsel is cause." *Coleman v. Thompson*, 501 U.S. 722, 754-54 (1991). This is because, if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To be clear, the attorney's error "constitutes a violation of petitioner's right to counsel, so that the error must be seen as an external factor, i.e., 'imputed to the State.'" *Coleman*, 501 U.S. at 754; *see also Evitts v. Lucey*, 469 U.S. 387, 396 (1985) ("The constitutional mandate [guaranteeing effective assistance of counsel] is addressed to the action of the State in obtaining a criminal conviction through a procedure that fails to meet the standard of due process of law").

The problem for Petitioner here is that--on state post-conviction review--the state trial court explicitly analyzed ineffective assistance of trial and appellate counsel and did not find them wanting under the *Strickland* standard. After that, it was Petitioner who did not properly

appeal the trial court's decision to challenge whether the trial court's decision was correct. Again, Petitioner failed to mount a proper substantive attack on the decision and to provide a transcript to allow the Utah Court of Appeals to substantively review the issue of ineffective assistance of trial counsel. And, the ineffective-assistance-of-appellate-counsel claim was denied by Utah Court of Appeals due to lack of prejudice; after all, appellate counsel's ineffective assistance was challenged as to appellate counsel's failure on appeal to raise ineffective assistance of trial counsel. *Thompson*, No. 20171025-CA. However, trial counsel's ineffectiveness was able to be asserted in a state post-conviction petition. *Id.*

When there exists no successful ineffective-assistance-of-counsel, the argument of ineffective assistance of counsel may not be used to support an argument of cause to avoid procedural default. Further, any other ineffective-assistance-of-counsel claim that Petitioner thinks may support a cause argument must itself be properly exhausted in state court to be validly used as cause; however, any such claims are now foreclosed in state court.

**B. Actual Innocence.** Petitioner also appears to suggest that his alleged mental illness made it impossible for him to form the intent necessary to support his guilt based on the elements of the crimes. However, "actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). Further, to benefit from the exception, a petitioner must support his claim of actual innocence with "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *House v. Bell*, 547 U.S. 518, 537 (2006 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Petitioner presents no such new

evidence. And, perhaps undercutting his argument, his competency was established in state trial court. (ECF No. 40-20, at 5-6.)

Petitioner's mere rehashing of the evidence and alleged violations of his civil rights in state proceedings do nothing to convince this Court that the exception applies. Indeed, the kernel of the Court's analysis regarding actual innocence is not whether Petitioner urgently believes there were errors--or whether there were indeed errors--in the state proceedings, but whether Petitioner is factually innocent. This factual innocence must also be supported with new evidence, which Petitioner has not provided.

In sum, the Court concludes that Petitioner's issues are procedurally defaulted. And, these issues do not qualify for consideration under the cause-and-prejudice or miscarriage-of-justice exceptions to the procedural bar. The Court thus denies Petitioner federal habeas relief on his procedurally defaulted claims.

## CONCLUSION

Petitioner's challenges to the circumstances of his guilty plea and sentencing and claims of ineffective assistance of counsel raise no valid grounds for federal habeas relief.

**IT IS THEREFORE ORDERED** that this habeas corpus petition under § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 7th day of September, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

12