THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| WESLEY THOMPSON,<br><br>                Petitioner,<br><br>v.<br><br>WARDEN BENZON,<br><br>                Respondent. | **MEMORANDUM DECISION & ORDER DENYING POST-JUDGMENT MOTION**<br><br>Case No. 2:18-CV-320 DAK<br><br>District Judge Dale A. Kimball |

On September 7, 2021, this Court denied Petitioner's request for federal habeas-corpus relief, brought under 28 U.S.C.S. § 2254 (2022). (ECF Nos. 1, 53.) The Court concluded that Petitioner's habeas claims were procedurally defaulted and not entitled to exceptional treatment. (ECF No. 53, at 11.)

Petitioner then filed "Motion to Reconsider Court's Order," (ECF No. 55). Because this post-judgment motion was filed within fifteen days of judgment, the Court construes it to have been raised under Federal Rule of Civil Procedure 59(e), as a Motion to Alter or Amend a Judgment. Petitioner's motion to reconsider is an eighty-page, wide-ranging rehearsal of his arguments, mostly already presented in his state-court process and before this Court. Petitioner clearly mistakes the limited nature of a post-judgment motion.

**RULE 59(e)**

"The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence." *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012) (brackets and internal quotation marks omitted). "Grounds for granting a Rule 59(e)

1

motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (internal quotation marks omitted). However, a Rule 59(e) motion, "is not [the] appropriate [vehicle] to . . . advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, a 59(e) motion is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. at 1012.

In habeas cases, this rule interplays with the federal statute about second-or-successive habeas petitions. The applicable statutory language states:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-- . . .
> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.S. § 2244(b)(1)(B) (2022).

Based on Tenth Circuit law, this Court must determine "whether the motion is a true [Rule 59(e)] motion[,] or a second or successive petition." *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006); *see also Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005) (clarifying that not all [59(e)] motions in federal habeas cases are second or successive petitions); *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (holding Rule 59(e) motions are subject to same treatment as Rule 60(b) motions under *Spitznas*). This Court may rule on true 59(e) arguments here. However, "second or successive" issues must be "certified by a panel of the [Tenth Circuit]

pursuant to § 2244 before [they] may proceed in district court." *Id*. at 1215 (citing 28 U.S.C.S. § 2244 (2022)).

*Gonzalez* explains that "a 60(b) [or 59(e)] motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215 (citing *Gonzalez*, 545 U.S. at 538).

### PETITIONER'S POST-JUDGMENT-MOTION ISSUES

To determine whether Petitioner's filing is a true post-judgment motion or a second-or-successive petition, the Court now reviews Petitioner's possible post-judgment arguments, culled from his eighty pages of dense prose:

**(1)** Petitioner asserts that his actual or factual innocence provides an exception to denial of habeas relief based on procedural default. (ECF No. 55, at 23.) In support of this assertion, Petitioner states that, "on August 28, 2008, a petition to determine his competency was filed and independent reports were received which indicated a diagnosis of bi-polar and psychosis," and a drop "31 point drop" in IQ from "severe brain damage from past drug use." (ECF No. 55, at 3.) Despite this information, "[t]he trial court concluded that the petitioner was competent to proceed." (*Id.*) He argues though that this information shows that he "could not have formed the requisite mens rea" to commit the crime and therefore the evidence could not have supported the intent element of the crime. (*Id.* at 45.) Petitioner already urged this basis for habeas relief here.[1]

And this Court rejected these arguments as follows:

> Petitioner also appears to suggest that his alleged mental illness made it impossible for him to form the intent necessary to support his guilt based on the elements of the crimes. However, "actual

---

[1] The way Petitioner puts it is that he "admits to the actus reas--the actor touches the pubic area of a child but denies the mens rea--with intent to arouse or gratify the sexual desire of any individual." (ECF No. 55, at 83.)

3

> innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). Further, to benefit from the exception, a petitioner must support his claim of actual innocence with "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *House v. Bell*, 547 U.S. 518, 537 (2006 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Petitioner presents no such new evidence. And, perhaps undercutting his argument, his competency was established in state trial court. (ECF No. 40-20, at 5-6.)
>
> Petitioner's mere rehashing of the evidence and alleged violations of his civil rights in state proceedings do nothing to convince this Court that the exception applies. Indeed, the kernel of the Court's analysis regarding actual innocence is not whether Petitioner urgently believes there were errors--or whether there were indeed errors--in the state proceedings, but whether Petitioner is factually innocent. This factual innocence must also be supported with new evidence, which Petitioner has not provided.

(ECF No. 53, at 10-11.)"

Petitioner continues to lack "new reliable evidence" of factual innocence. And, because Petitioner has not asserted factual innocence, but legal innocence, he also remains unqualified for this exception. *See In re Vertin*, No. 17-1355, 2017 U.S. App. LEXIS 27494, at *5 (6th Cir. Sept. 1, 2017) ("Vertin does not deny that he shot the victim, but rather argues that his mental incompetency caused him to have 'unplanned intoxication' at the time of the offense and thus rendered him unable to form the premeditation required to be convicted of first-degree murder. This argument does not meet the actual innocence standard."). The Court thus stands by its original conclusion that Petitioner's alleged inability to form intent to commit this crime does not provide a basis to apply the actual-innocence exception to Petitioner's procedural default here.

Regarding this argument, to support the granting of this post-judgment motion, Petitioner suggests no intervening change in controlling law, new evidence previously unavailable, clear

4

error by this Court, or support for an argument of manifest injustice. This ground thus does not sustain the grant of Rule 59(e) relief, nor does it appear to constitute a "second or successive" petition, in that Petitioner simply reargues the issue much as he presented it in the original petition. His aim here appears to be the assertion of error or misapprehension by this Court. This argument thus forms no basis for post-judgment relief here.

An important point here is that this Court's continued rejection of Petitioner's actual-innocence argument carries over to the next five of Petitioner's challenges listed below--all denied as grounds for relief in the Court's dismissal Order. (ECF No. 53.) None of his procedural defaults may be excused by actual innocence under Petitioner's arguments here, so those five challenges remain foreclosed from further consideration. The procedural defaults that remain unexcused regard issues (2) through (7), below. These five are also not second or successive, as is appears that Petitioner's goal here is to suggest this Court erred or misapprehended the facts, his position, or controlling law.

As to issues (2) through (7), Petitioner argues:

**(2)** The State breached his plea agreement at sentencing by not recommending as promised "that the petitioner complete inpatient sex offender treatment at Bonneville Community Correctional Center in lieu of any jail or prison sentence," instead suggesting the recommended sentence posed "some concerns about [Petitioner] being placed back in the community" and a need for "more accountability than what is provided in the recommended sentence." (ECF No. 55, at 4, 15.)

**(3)** Ineffective assistance of trial counsel.

5

**(4)** Petitioner's guilty plea was not knowing and voluntarily made, because **(a)** Petitioner was suffering from psychosis at the time of the offense and could not have formed the required mens rea; and **(b)** of ineffective assistance of counsel, as described in the above paragraph. (*Id.* at 11-12, 23.)

**(5)** Charges in the second case against Petitioner were "stacked illegally because it was a single course of conduct." (*Id.* at 16.)

**(6)** Petitioner was prejudiced by the presentencing report containing false statements of an APP officer. (ECF No. 55, at 17.)

**(7)** "New statute made before sentence and conviction became final applies retroactively."[2] (ECF No. 55, at 23.)

Arguments below are not related to the actual-innocence exception to procedural default.

**(8)** Petitioner argues appellate-counsel ineffective assistance occurred through conflict of interest caused by "counsel work[ing] in the same office as trial counsel"; and counsel's failure to raise on appeal the claims that there were presentencing-report errors and that the State reneged on the plea bargain as to the sentencing recommendation. (ECF No. 55, at 22-23, 40.) Petitioner maintains his ineffective-assistance-of-appellate-counsel claims were wrongly dismissed on the ground of lack of prejudice (based on his ability to raise trial-counsel

---

[2] Under this issue and perhaps others, Petitioner cites violation of Utah state law as reason for altering or amending the judgment here. (*See, e.g.,* ECF No. 55, at 42.) But violation of state law is never a ground for habeas relief. *See* 28 U.S.C.S. § 2254(a) (2022) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*." (Emphasis added.)). The Court therefore does not further consider any arguments about violations of state law.

ineffectiveness in his state-post-conviction petition with new counsel). (ECF Nos. 53, at 6 n.1; 55, at 40-42.)

Beyond that, this Court noted in its decision under review here that Petitioner "has not even argued, let alone shown, that the state courts' decision about ineffective appellate counsel--i.e., no prejudice existed--was contrary to or an unreasonable application of United States Supreme Court precedent. The Court thus does not consider this argument further." (ECF No. 53, at 6 n.2.) Petitioner has not substantively attacked this reasoning for the denial of claims of ineffective-assistance-of-appellate counsel. The Court's denial of claims of ineffective-assistance-of-appellate counsel thus stands, as Petitioner again shows no intervening change in controlling law, new evidence previously unavailable, clear error or misapprehension by this Court, or support for an argument of manifest injustice.

**(9)** Petitioner contends his discovery requests should have been granted and would have revealed reasons to grant habeas relief. (ECF No. 55, at 44.) Specifically, this Court denied Petitioner's requests for **(a)** "waiver hearing transcripts, from "the hearing where competency was decided," which assertedly could have helped show trial counsel did not inquire enough "into the doctor's diagnosis which would provide a lack of intent defense"; **(b)** December 9, 2016 status-conference transcripts, in which state-post-conviction court "ruled that Thompson could raise and argue any claim"; **(c)** September 9, 2013 summary-judgment-hearing transcript in which State admits "State made a statement not agreed upon in the plea agreement"; and **(d)** 2017 evidentiary hearing transcripts showing defense counsel's ineffectiveness. (ECF No. 10.) Petitioner further asserts that he "filed and was denied discovery request" (for presenting "expert

witness and exculpatory scientific evidence"--e.g. "which shows MRIs of healthy brain versus brain after years of drug use"), which the Court "should have ordered." (ECF No. 55, at 38-39.)

However, even if this Court had granted every one of these discovery requests, the procedural-default doctrine (under which all but one of his issues were dismissed here) rendered the discovery requests all moot in terms of moving any of Petitioner's arguments toward validity here. Accordingly, the Court's denial of these discovery requests was proper, as Petitioner again identifies no intervening change in controlling law, new evidence previously unavailable, clear error or misapprehension by this Court, or support for an argument of manifest injustice.

The final four of Petitioner's post-judgment challenges are apparently newly raised and therefore fit more appropriately under the rubric of Rule 60(b); after all, Petitioner is not in a position to attack--under Rule 59(e)--the Court's treatment of these challenges in its dismissal order, when these issues were never introduced before now. This means issues (10) through (13) below are second or successive.

In issues (10) through (13), Petitioner asserts:

**(10)** Unconstitutionality of Utah's plea-withdrawal statute, because it "does not account for a breached contract," resulted in judge imposing an unlawful sentence; "does not allow the defendant appointed counsel for first right of appeal for a breached plea agreement"; and violates the separation-of-powers doctrine. (ECF No. 55, at 7, 15, 23-24.)

**(11)** Unconstitutionality of "an effective appellate process" because of prejudicial delays. (ECF No. 55, at 24; 45.) Here, Petitioner argues, "The inordinate and unjust delay in the state court collateral proceedings has seriously undermined the integrity of the proceeding and is an exceptional circumstance that this court may use to satisfy invoking its jurisdiction." (*Id.* at 45-

46.) Under this section, Petitioner cites many cases to this general effect but does not specify exactly how he was prejudiced by the length of time his case took in state court. (*Id.* at 46-47.) Then, in a sentence in a footnote, he states abruptly, "The petitioner was prejudiced by the delay because both counsel claimed the passage of time caused them to not remember during questioning." (ECF No. 55, at 47 n.3.) Still, this does not specify or speculate what counsel may have forgotten that would have been so helpful to him that his very conviction and sentencing should be reversed.

**(12)** The sentence was illegal under state statute regarding consecutive sentences and the statement that "the aggregate maximum of all sentences imposed may not exceed 30 years imprisonment." (ECF No. 55, at 25.)

**(13)** Because his sentence is nearing completion, and because "he could not have formed the mens rea to" commit the crime, Petitioner argues that "this court should grant [his] wishes and modify judgment to the lesser included sexual battery charges for all three convictions." (ECF No. 55, at 49.)

## SECOND-OR-SUCCESSIVE ANALYSIS

As Petitioner has already filed a habeas-corpus petition in this Court--in this case--in the past and it was denied, Petitioner's newly raised post-judgment issues identified above as (10) through (13) qualify as second or successive. *See* 28 U.S.C.S. § 2244(a) (2022). Petitioner may not file such a petition without authorization from the appropriate federal court of appeals. *Id.* § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see* R.9, Rs. Governing § 2254 Cases;

9

*In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citing *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

Petitioner apparently did not obtain Tenth Circuit authorization to challenge any of the issues in his post-judgment motion, effectively as a second-or-successive petition. This Court therefore does not have jurisdiction to address their merits.

When a successive § 2254 petition is filed in a district court without the necessary appellate court sanction, it may be transferred under 28 U.S.C. §1631 (2022) to the proper court. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). However, all unauthorized successive habeas petitions should not automatically be transferred to the Tenth Circuit. This Court will only transfer the matter to the Tenth Circuit if it determines that it is in the interests of justice to do so.

In deciding that it would *not* be in the interests of justice to transfer this petition to the Tenth Circuit, this Court primarily considered that issues (10) through (13) would all be procedurally barred if Petitioner tried to raise them at this late stage of litigation.

In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in Utah courts. *See* 28 U.S.C.S. § 2254(b) & (c) (2022); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998). To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief. *See Picard*, 404 U.S. at 276; *Knapp*, 1998 WL 778774, at *2-3. Here, Petitioner has never properly

brought issues (10) through (13) before the Utah Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). His claims before this Court are therefore unexhausted.

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Utah's Post-Conviction Remedies Act states:

> A person is not eligible for relief under this chapter upon any ground that . . . could have been but was not raised in the trial court, at trial, or on appeal; was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for postconviction relief; or is barred by the limitation period established in Section 78B-9-107.

Utah Code Ann. § 78B-9-106(1) (2022); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000). Section 78B-9-107 states, "A petitioner is entitled to relief only if the petition is filed within one year after the cause of action accrued." Utah Code Ann. § 78B-9-107(1) (2022).

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'" *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (alteration omitted) (citation omitted).

Each of the issues (10) through (13) could have been raised on direct appeal or in earlier post-conviction proceedings. Under the Utah law identified above then, they are therefore ineligible for further consideration in the state courts and, consequently, in the federal courts. *Thomas*, 218 F.3d at 1221. This is especially so when Petitioner has not identified an applicable exception to the procedural bar's operation.

Additionally, this Court also noted previously that the Court of Appeals will not authorize the filing of a second or successive habeas petition in the district court unless the petitioner can meet the standard prescribed by § 2244(b)(2). Under that standard, the petitioner must show "that the claim relies on a new rule of constitutional law, made retroactive" or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that the facts "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2) (2022). Petitioner has not adequately addressed any of these requirements.

It would not be in the interests of justice to transfer the petition to the Tenth Circuit. Petitioner has not stated any appropriate legal basis for being allowed to proceed with this successive petition.

**ORDER**

**IT IS ORDERED** that:

**(1)** Petitioner's motion for relief from the judgment is **DENIED**. (ECF No. 55.)

**(2)** Petitioner's newly raised issues in his motion for relief from judgment are deemed the equivalent of a second-or-successive petition, but are not qualified to be transferred to the Tenth Circuit.

**(3)** A certificate of appealability is **DENIED**.

**(4)** This action remains closed.

DATED this 1st day of June, 2022.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge